IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ARCIMOTO, INC.,** | § § § § | |
| **Plaintiff** | | |
| vs. | § § § § § § § § | NO. 20-cv-176 |
| **AYRO, INC.,** | | |
| **Defendant.** | | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Arcimoto, Inc. ("Arcimoto" or "Plaintiff") files this complaint for patent infringement against Defendant Ayro, Inc. ("Ayro" or "Defendant") and alleges as follows:

## THE PARTIES

1. Plaintiff Arcimoto is an Oregon corporation having a principal place of business at 2034 W. 2nd Ave., Eugene, Oregon 97402.

2. Upon information and belief, Defendant Ayro is a Delaware corporation having a principal place of business at 900 E. Old Settlers Boulevard, Suite 100, Round Rock, Texas 78664 and a registered agent (Corporation Service Company dba CSC - Lawyers Incorporated) at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  In addition, upon information and belief, Defendant assembles its electric vehicles in Round Rock, Texas.  *See* https://www.ayro.com/faqs/.

3. Upon information and belief, in May 2019, AEV Techologies, Inc. became Ayro, Inc.  *See* https://www.ayro.com/about/#media.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C.

§§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant regularly conducts business within the State of Texas and this judicial district, including committing the acts of patent infringement, such as among other things, making, using, offering to sell and selling products that infringe the asserted patent and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

6.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Defendant is subject to personal jurisdiction in this district and, upon information and belief, has committed acts of infringement and has regular and established place of business in this judicial district, including at 900 E. Old Settlers Boulevard, Suite 100, Round Rock, Texas 78664.

## BACKGROUND

7.     Arcimoto was founded in 2007 with the mission to build products that catalyze the shift to a sustainable transportation system. Since 2007, Arcimoto has designed and built eight generations of vehicle prototypes as part of an iterative vehicle development program. Arcimoto aims to deliver meaningfully more efficient solutions to the market, at a fraction of the total cost of ownership of today's cars.

8.     Arcimoto designs, develops, manufactures, and markets ultra-efficient three-wheeled electric vehicles. An example of one of Arcimoto's electric vehicles is shown below (https://www.arcimoto.com/vehicle/):



9.      Given the significant investment Arcimoto has made in its research and development, Arcimoto has applied for and obtained patents on its innovations, including the patent asserted herein, U.S. Patent No. 8,985,255 ("the '255 patent"). Mark Frohnmayer—the President, Chief Executive Officer and Chairman of the Board of Directors since Arcimoto's founding in 2007—is the first-named inventor on the '255 patent.

10.     Upon information and belief, Defendant offers an electric three-wheeled vehicle meeting the limitations of one or more claims of the '255 patent.  An example of one of Defendant's three-wheeled electric vehicles, the "311" model, is shown below (https://www.ayro.com/ayro311/):



## COUNT I

## PATENT INFRINGEMENT OF U.S. PATENT NO. 8,985,255

11. Plaintiff incorporates and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

12. Plaintiff is the owner, by assignment, of the '255 patent, entitled "Narrow Body Ultra Efficient Three Wheeled Electric Vehicle with Automotive Class Feel," which issued on March 24, 2015. A true and correct copy of the '255 patent is attached as Exhibit A and made a part hereof.

13. The '255 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14. Regarding the '255 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

15. Defendant has at no time been licensed under the '255 patent.

16. Defendant has directly infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '255 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '255 patent, including without limitation, Ayro's "311" two-seater electric vehicles (the "Accused Products").

17. The Accused Products include each and every limitation of one or more claims of the '255 patent, including at least independent claim 10. An exemplary chart comparing claim 10 of the '255 patent to the Accused Products is attached as Exhibit B.

18. By way of example, independent claim 10 of the '255 patent recites:

A three-wheeled vehicle, comprising:

      a chassis having a front end and a rear end defining a longitudinal axis of the vehicle;

      three wheels coupled to the chassis, two of said three wheels being front wheels, and one of said three wheels being a rear wheel;

      a transmission for transmitting rotational energy to the front wheels;

      a motor, the center of mass of which is positioned between the center of mass of the transmission and the front end of the vehicle along the longitudinal axis of the vehicle;

      a battery, the center of mass of which is positioned between the transmission and the rear end of the vehicle along the longitudinal axis of the vehicle;

      two single-passenger seats, mounted to the chassis in tandem along a longitudinal axis of the vehicle, one of the seats being a driver's seat and the other being a passenger seat;

      and a floor deck positioned vertically between the center of mass of the battery and the center of mass of the seats.

      19.    Upon information and belief, Defendant has had knowledge of the '255 patent at least as of the filing of this original Complaint. Despite this knowledge of the '255 patent, Defendant has continued to actively encourage its customers to use the Accused Products so as to infringe the '255 patent, at least through its web site, https://www.ayro.com/consumer/, and/or its sales representatives. Defendant continues to do so knowing and intending that their customers and other users commit the acts of infringement. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '255 patent, thereby intending for and inducing their customers to infringe the '255 patent in violation of 35 U.S.C. § 271(b).

      20.    Plaintiff has been injured and damaged by Defendant's infringement of the '255 patent. Plaintiff is entitled to damages for Defendant's infringement, including lost profits and in no event damages less than a reasonable royalty. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at

law, unless and until enjoined by this Court from further sale, offers for sale, importation, use, or the making of the Accused Products or other products within the scope of the claims of the '255 patent.

## WILLFUL INFRINGEMENT

21. Plaintiff incorporates and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

22. Upon information and belief, Defendant has had knowledge of the '255 patent at least as of the filing of this original Complaint. Despite this knowledge, Defendant has continued to infringe the '255 patent by making, using, selling, offering for sale, and/or importing the Accused Products and is therefore liable for willful infringement.

23. Defendant's infringement of the '255 patent is willful entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment that:

A. Defendant has infringed one or more claims of the '255 patent, and such infringement is willful;

B. Defendant, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, be enjoined from further infringement of the '255 patent under 35 U.S.C. § 283;

C. Plaintiff be awarded all damages adequate to compensate Plaintiff for Defendant's infringement of the '255 patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to Plaintiff, with interest;

  D. This case be adjudged an exceptional case under 35 U.S.C. § 285, and Plaintiff be awarded attorneys' fees, costs, and all expenses incurred in this action;

  E. Plaintiff be awarded all actual and compensatory damages; and

  F. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

Dated:  March 6, 2020

*/s/ Jose Carlos Villarreal*
Jose Carlos Villarreal (SBN 24003113)
jvillarreal@perkinscoie.com
PERKINS COIE LLP
500 W. 2nd Street, Suite 1900
Austin, TX  78701
Tel: (737) 256-6111

Renee E. Rothauge (*pro hac vice* pending)
RRothauge@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
Tel: (503) 727-2000

Gabrielle E. Bina (*pro hac vice* pending)
GBina@perkinscoie.com
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703
Tel: (608) 663-7460

*ATTORNEYS FOR PLAINTIFF*
*ARCIMOTO, INC.*