**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ARCIMOTO, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **NO. 20-cv-176-ADA** |
| | § | |
| **AYRO OPERATING COMPANY, INC.** | § | |
| **AND AYRO, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants** | § | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Arcimoto, Inc. ("Arcimoto" or "Plaintiff") files this complaint for patent infringement against Defendants Ayro Operating Company, Inc. and Ayro, Inc. ("Defendants") and alleges as follows:

**THE PARTIES**

1.      Plaintiff Arcimoto is an Oregon corporation having a principal place of business at 2034 W. 2nd Ave., Eugene, Oregon 97402.

2.      Upon information and belief, Defendant Ayro Operating Company, Inc. ("Ayro Operating") is a Delaware corporation having a principal place of business at 900 E. Old Settlers Boulevard, Suite 100, Round Rock, Texas 78664 and a registered agent (Corporation Service Company dba CSC - Lawyers Incorporated) at 251 Little Falls Drive Wilmington, DE 19808.  In addition, upon information and belief, Ayro Operating assembles its electric vehicles in Round Rock, Texas.  *See* https://www.ayro.com/about/#media.

3.      Upon information and belief, in May 2019, AEV Techologies, Inc. became Ayro, Inc.  *See* https://www.ayro.com/about/#media.

4.      Upon information and belief, in May 2020, Ayro, Inc. became Ayro Operating and pursuant to an Agreement and Plan of Merger, dated December 19, 2019 (the "Merger Agreement"), merged with ABC Merger Sub, Inc. with Ayro Operating continuing after the merger as the surviving entity.  *See* Exhibit 2 (Ayro, Inc. 10-Q for the quarter ended Sept. 30, 2020).

5.      Upon information and belief, Defendant Ayro, Inc. ("Ayro"), formerly known as DropCar, Inc., is a Delaware corporation having a principal place of business at 900 E. Old Settlers Boulevard, Suite 100, Round Rock, Texas 78664 and a registered agent (Corporation Trust Company) at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801

6.      Upon information and belief, in May 2020, pursuant to the Merger Agreement, Ayro Inc. became parent corporation to wholly-owned subsidiary Ayro Operating.

## JURISDICTION AND VENUE

7.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendants.  Upon information and belief, Defendants regularly conduct business within the State of Texas and this judicial district, including committing the acts of patent infringement, such as among other things, making, using, offering to sell and selling products that infringe the asserted patent and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

9.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Defendants are subject to personal jurisdiction in this district and, upon information and belief, have committed acts of infringement and have regular and established

places of business in this judicial district, including at 900 E. Old Settlers Boulevard, Suite 100, Round Rock, Texas 78664.

## **BACKGROUND**

10.     Arcimoto was founded in 2007 with the mission to build products that catalyze the shift to a sustainable transportation system.  Since 2007, Arcimoto has designed and built eight generations of vehicle prototypes as part of an iterative vehicle development program. Arcimoto aims to deliver meaningfully more efficient solutions to the market, at a fraction of the total cost of ownership of today's cars.

11.     Arcimoto designs, develops, manufactures, and markets ultra-efficient three-wheeled electric vehicles.  An example of one of Arcimoto's electric vehicles is shown below (https://www.arcimoto.com/vehicle/):



12.     Given the significant investment Arcimoto has made in its research and development, Arcimoto has applied for and obtained patents on its innovations, including the patent asserted herein, U.S. Patent No. 8,985,255 ("the '255 patent").  Mark Frohnmayer—the President, Chief Executive Officer and Chairman of the Board of Directors since Arcimoto's founding in 2007—is the first-named inventor on the '255 patent.

13.     Upon information and belief, Defendants offer an electric three-wheeled vehicle meeting the limitations of one or more claims of the '255 patent.  An example of one of Defendants' three-wheeled electric vehicles, the "311" model, is shown below (https://www.ayro.com/ayro-311/):



## COUNT I

## PATENT INFRINGEMENT OF U.S. PATENT NO. 8,985,255

14.     Plaintiff incorporates and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

15.     Plaintiff is the owner, by assignment, of the '255 patent, entitled "Narrow Body Ultra Efficient Three Wheeled Electric Vehicle with Automotive Class Feel," which issued on March 24, 2015.  A true and correct copy of the '255 patent is attached as Exhibit 1 and made a part hereof.

16.     The '255 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

17.     Regarding the '255 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

18.     Defendants have at no time been licensed under the '255 patent.

19.     Defendants have directly infringed, and are currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '255 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '255 patent, including without limitation, Ayro's "311" two-seater electric vehicles (the "Accused Products"). *See* Exhibit 2.

20.     The Accused Products include each and every limitation of one or more claims of the '255 patent, including at least independent claim 10.  An exemplary chart comparing claim 10 of the '255 patent to the Accused Products is attached as Exhibit 3.

21.     By way of example, independent claim 10 of the '255 patent recites:

A three-wheeled vehicle, comprising:

   a chassis having a front end and a rear end defining a longitudinal axis of the vehicle;

   three wheels coupled to the chassis, two of said three wheels being front wheels, and one of said three wheels being a rear wheel;

   a transmission for transmitting rotational energy to the front wheels;

   a motor, the center of mass of which is positioned between the center of mass of the transmission and the front end of the vehicle along the longitudinal axis of the vehicle;

   a battery, the center of mass of which is positioned between the transmission and the rear end of the vehicle along the longitudinal axis of the vehicle;

   two single-passenger seats, mounted to the chassis in tandem along a longitudinal axis of the vehicle, one of the seats being a driver's seat and the other being a passenger seat;

   and a floor deck positioned vertically between the center of mass of the battery and the center of mass of the seats.

22.     Upon information and belief, Defendants have had knowledge of the '255 patent at least as of the filing of the original Complaint (ECF No. 1) on March 6, 2020.  Despite this knowledge of the '255 patent, Defendants have continued to actively encourage their customers to

use the Accused Products so as to infringe the '255 patent, at least through its web site, https://www.ayro.com/consumer/, and/or its sales representatives.  Defendants continued to do so knowing and intending that their customers and other users commit the acts of infringement. Defendants also continued to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '255 patent, thereby intending for and inducing their customers to infringe the '255 patent in violation of 35 U.S.C. § 271(b).

23.     Plaintiff has been injured and damaged by Defendants' infringement of the '255 patent.  Plaintiff is entitled to damages for Defendants' infringement, including lost profits and in no event damages less than a reasonable royalty.   Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court from further sale, offers for sale, importation, use, or the making of the Accused Products or other products within the scope of the claims of the '255 patent.

## WILLFUL INFRINGEMENT

24.     Plaintiff incorporates and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

25.     Upon information and belief, Defendants have had knowledge of the '255 patent at least as of the filing of the original Complaint (ECF No. 1) on March 6, 2020.   Despite this knowledge, Defendants continued to infringe the '255 patent by making, using, selling, offering for sale, and/or importing the Accused Products and is therefore liable for willful infringement.

26.     Defendants' infringement of the '255 patent is willful entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment that:

A.      Defendants have infringed one or more claims of the '255 patent, and such infringement is willful;

B.      Defendants, their officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendants, be enjoined from further infringement of the '255 patent under 35 U.S.C. § 283;

C.      Plaintiff be awarded all damages adequate to compensate Plaintiff for Defendants' infringement of the '255 patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to Plaintiff, with interest;

D.      This case be adjudged an exceptional case under 35 U.S.C. § 285, and Plaintiff be awarded attorneys' fees, costs, and all expenses incurred in this action;

E.      Plaintiff be awarded all actual and compensatory damages; and

F.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

Dated:  November 23, 2020

/s/ Jose C. Villarreal
Jose Carlos Villarreal (SBN 24003113)
JVillarreal@perkinscoie.com
Shyamkrishna Palaiyanur (SBN 24104061)
SPalaiyanur@perkinscoie.com
PERKINS COIE LLP
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (737) 256-6100

Renee E. Rothauge (*pro hac vice*)
RRothauge@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
Telephone: (503) 727-2000

Gabrielle E. Bina (*pro hac vice*)
GBina@perkinscoie.com
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 663-7460

Mark T. Smith (*pro hac vice*)
MarkSmith@perkinscoie.com
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559

***ATTORNEYS FOR PLAINTIFF,***
***ARCIMOTO, INC.***